IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEOFFREY PHILIP HUGHES,<br><br>Plaintiff,<br><br>vs.<br><br>THE KALAMA BEACH CORPORATION (MALAMA MARKET PAHOA); CRAIG DERASIN; KAWAHI ALEJANDRO; ANGEL,<br><br>Defendants. | CIVIL NO. 22-00099 JAO-KJM<br><br>ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the Court is pro se Plaintiff Geoffrey Philip Hughes's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" of "Application"), filed March 14, 2022. For the reasons set forth below, the Court DISMISSES the Complaint and DENIES the IFP Application.

**BACKGROUND**

As best the Court can discern, this action arises from an incident on February 16, 2022 at Malama Market Pahoa. Compl. at 2, 5. The totality of Plaintiff's allegations is that while buying groceries, he "was harassed, discriminated against, threatened, and kicked out of the store and given a no

trespass notice lasting one year for asking [sic] employee and manager if they allow for medically exempt individuals to shop." *Id.* at 5. Plaintiff invokes the First and Fourth Amendments, Title 52, the Civil Rights Act of 1964, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101. *Id.* at 4. He seeks $75,100.00 in damages. *Id.* at 5–6.

## DISCUSSION

**A.    Dismissal Of The Complaint Under The In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)**

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the

Case 1:22-cv-00099-JAO-KJM   Document 5   Filed 03/17/22   Page 3 of 13   PageID #: 13

court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is

appropriate because the Complaint fails to state a claim upon which relief can be granted. It is devoid of facts articulating how *each* Defendant — Kalama Beach Corporation, aka Malama Market Pahoa, Craig Derasin, Kawahi Alejandro, and Angel (last name unknown) (collectively, "Defendants") — violated the cited statutes and constitutional provisions.

### 1.     42 U.S.C. § 1983

In identifying the bases for federal question jurisdiction, Plaintiff references the First and Fourth Amendments. However, he offers no factual allegations regarding constitutional violations, nor does it appear he could. Section 1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Substantive rights are not created by this provision; "rather it is the vehicle by whereby plaintiffs can challenge actions by governmental officials." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and quotations omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

4

person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted). In determining whether a person is subject to suit under § 1983, the court asks if "'the alleged infringement of federal rights [is] fairly attributable to the government[.]'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (bracket and citation omitted).

State action may be found when one of these tests is satisfied: "'(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Id.* (citations omitted). "'Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.'" *Id.* at 1093 (citation omitted). The function at issue must be "'traditionally and exclusively governmental.'" *Id.* (citation omitted).

The joint action test requires that a state "'so far insinuate[] itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity[, which] occurs when the state knowingly accepts the benefits derived from unconstitutional behavior.'" *Id.* (citation omitted).

"The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a

5

government action." *Id.* at 1094 (citation omitted).  Finally, "the nexus test asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* at 1094–95 (citation omitted).

Plaintiff has not alleged *any* facts indicating that Defendants' conduct is connected to the State, let alone attributable to the State, under any of the foregoing tests.  Plaintiff is therefore unable to maintain § 1983 claims against Defendants for violating the First and Fourteenth Amendments.  The Court finds that amendment would be futile because Plaintiff asserts no facts indicating that his constitutional rights were violated, so any constitutional claims are DISMISSED without leave to amend.

### 2. ADA

Of the limited allegations presented by Plaintiff, none implicate conduct that violates the ADA.  Even viewing Plaintiff's allegations with extreme liberality, the most he claims is that he was discriminated against for asking if medically exempt individuals are allowed to shop.

"Title III of the ADA prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations and public transportation services." *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128 (2005) (citing 42 U.S.C. §§ 12182(a), 12184(a)).  A plaintiff alleging discrimination under

6

Title III must show that "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citation omitted). Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Here, Plaintiff has not alleged that he is disabled under the ADA, much less that the discrimination he purportedly faced was *because of* any disability. Accordingly, the ADA claim is DISMISSED. Although an ADA violation is tenuous based on the barebones allegations in the Complaint, the Court grants Plaintiff leave to amend his ADA claim.

### 3.   Title 52

Plaintiff cites "US title 52" in the Complaint. Compl. at 4. Title 52 of the U.S. Code concerns voting and elections. *See* 52 U.S.C. §§ 10101, *et. seq.* Because Plaintiff's allegations have nothing to do with voting or elections, it appears that he cited it in error. To the extent Plaintiff attempts to assert a claim pursuant to Title 52, it is DISMISSED without leave to amend.

### 4.   Civil Rights Act Of 1964

Plaintiff also cites the Civil Rights Act of 1964 without identifying the

relevant provision Defendants allegedly violated. Given Plaintiff's averments, Title II of the Civil Rights Act, 42 U.S.C. § 2000a, is the only provision that could arguably apply. It entitles individuals "to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. Plaintiff not only fails to assert discrimination *based on* his race, color, religion, or national origin, he has not satisfied necessary prerequisites and he cannot obtain the relief sought.

Title II includes a notice requirement, which prohibits a plaintiff from initiating a civil action "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," if such state has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice." 42 U.S.C. § 2000a-3(c). Hawai'i prohibits discrimination in places of public accommodation "on the basis of race; sex, including gender identity or expression; sexual orientation; color; religion; ancestry; or disability, including the use of a service animal." Haw. Rev. Stat. § 489-3. The Hawai'i Civil Rights Commission ("HCRC") and Attorney General have the authority to grant or seek relief. *See*

8

Haw. Rev. Stat. §§ 489-6, 489-8. Because Hawai'i has a law prohibiting discrimination in places of public accommodation and the HCRC and Attorney General can grant or seek relief, Plaintiff was required to file written notice with the HCRC at least 30 days before filing suit. Plaintiff has not pleaded compliance with the notice requirement, nor could he have complied, as the subject incident occurred on February 16, 2022 and he filed the Complaint on March 14, 2022, 26 days later. So even assuming he provided the mandatory notice on February 16, 2022, he failed to allow the requisite period to lapse before commencing this action.

Moreover, § 2000a only authorizes injunctive relief. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (citation omitted); 42 U.S.C. § 2000a-3(a) (authorizing an aggrieved person to bring "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order"). Insofar as Plaintiff exclusively seeks damages, he cannot maintain a Title II claim. Therefore, to the extent Plaintiff asserts a Title II claim, it is DISMISSED. The Court nevertheless permits Plaintiff to amend this claim because it is not absolutely clear that amendment could not cure the foregoing defects.

### 5. Amended Complaint

Plaintiff may file an amended complaint by **April 15, 2022** — which should be titled "First Amended Complaint" — correcting the deficiencies outlined above regarding her ADA and Title II claims. He *may not* reassert constitutional or Title 52 claims. Plaintiff must provide sufficient facts and law demonstrating that he is entitled to relief. Plaintiff must also comply with all rules governing pleadings and clearly identify which allegations and claims pertain to each Defendant. Plaintiff *may not add new parties or claims* without obtaining leave of court through a formal motion. Plaintiff is further advised that Local Rule 10.4 requires "any party filing . . . an amended complaint . . . [to] reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.4. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived. *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

### B.     IFP Application

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. *See* 28 U.S.C. § 1915(a)(1); *see also* 42 U.S.C. § 3613(b)(2) (authorizing "the commencement or continuation of a civil action [for a discriminatory housing practice] without the payment of fees, costs, or security, if in the opinion of the court such person is financially unable to bear the costs of such action"). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff represents that he earns $960.00 bi-weekly and supports his wife and two daughters. ECF No. 2. He also has $2,000.00 in a checking or savings account. *Id.* at 2. Plaintiff received additional income from his part-time employment at Sutton Iris Farm, but he does not disclose the amount of income received, as required by the Application. *Id.* at 1. Without this information, the Court cannot ascertain whether Plaintiff is entitled to proceed in forma pauperis.

Accordingly, the Court DENIES the IFP Application without prejudice. If Plaintiff elects to file an amended pleading, he must concurrently file an IFP Application that fully and accurately responds to all questions *or* he must pay the applicable filing fee. If he fails to do so, this action will be automatically dismissed.

## CONCLUSION

For the reasons stated herein, the Court: (1) DISMISSES the Complaint with leave to amend the ADA and Title II claims and (2) DENIES without prejudice the IFP Application. If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **April 15, 2022**;

(2) Plaintiff's amended complaint should be titled "First Amended Complaint"; and

(3) Plaintiff must cure the deficiencies identified above and may only amend as directed.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order <u>and</u> concurrently file another IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

//

//

//

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, March 17, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00099 JAO-KJM, *Hughes v. The Kalama Beach Corp.*: ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS