IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEOFFREY PHILIP HUGHES, <br><br> Plaintiff, <br><br> vs. <br><br> MALAMA MARKET PAHOA; CRAIG DERASIN; ANGEL DELOS REYES, <br><br> Defendants. | CIVIL NO. 22-00099 JAO-KJM <br><br> ORDER DISMISSING ACTION |

ORDER DISMISSING ACTION

Pro se plaintiff Geoffrey Philip Hughes ("Plaintiff") commenced this action on March 14, 2022. On March 17, 2022, the Court dismissed the Complaint and denied without prejudice Plaintiff's Application to Proceed In Forma Pauperis. ECF No. 5.

Plaintiff filed a First Amended Complaint on April 6, 2022. On April 8, 2022, the Court issued an Order (1) Dismissing First Amended Complaint and (2) Granting Application to Proceed In Forma Pauperis ("Order"). ECF No. 10. The Court imposed a deadline of April 29, 2022 to file an amended complaint, cautioning that Plaintiff's failure to do so would result in the automatic dismissal of the action. *Id.* at 7, 9.

To date, Plaintiff has not filed an amended complaint.  Courts do not take failures to prosecute and failures to comply with Court orders lightly.  Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules.  Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The

public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendants, as they have yet to be served. Finally, there are no less drastic alternatives available at this time. This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, May 5, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00099 JAO-KJM, *Hughes v. Malama Market Pahoa*; ORDER DISMISSING ACTION